

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :
                                   :
                    Plaintiff,     :          **STIPULATION AND**
                                   :          **ORDER OF SETTLEMENT**
          - against -              :
                                   :
CHAIM CHAIMOWITZ,                  :          11 Civ. 6396 (RWS)
                                   :
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, the United States of America, by its attorney, Preet Bharara, United States

Attorney for the Southern District of New York, acting on behalf of the Office of Inspector

General ("OIG-HHS") (collectively, the "United States") filed a civil complaint (the

"Complaint") on September 13, 2011, against Chaim Chaimowitz ("Defendant"), in the United

States District Court for the Southern District of New York captioned United States v.

Chaimowitz, 11 Civ. 6396 (RWS).  The United States contends that Defendant knowingly

submitted or caused to be submitted false claims for payment to the Medicare Program

("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 for podiatric

services under Evaluation and Management billing codes 99311 and 99312 that were not

compensable pursuant to these codes, were unsupported by medical records, and were not

performed by the Defendant during the period from January 1999 through September 2006.

WHEREAS, this Stipulation and Order of Settlement ("Stipulation") covers all of the

claims alleged in the Complaint against the Defendant (the "Covered Conduct");

WHEREAS, this Stipulation is neither an admission of liability by Defendant nor a

concession by the United States that its claims are not well founded;

WHEREAS, Defendant hereby appears and consents to the entry of this Stipulation; and

WHEREAS, Defendant and the United States (the "parties") desire to reach a full and final compromise of the claims that the United States asserts in the Complaint;

NOW, THEREFORE, the parties, in consideration of the promises, obligations, undertakings and commitments hereinafter set forth, hereby agree as follows:

1.      The parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.      Defendant shall pay the United States $800,000, plus interest calculated on an annual basis at 2.375% (the "Settlement Amount") or as reflected in the schedule below.  This Settlement amount is related to the following losses alleged by the Government:  the Government's losses arising from Defendant's knowing submission of false or fraudulent claims for podiatric services that were not compensable under the billing codes submitted by Defendant, Evaluation and Management Codes 99311 and 99312, were unsupported by medical records, and were for services not performed by Defendant during the period from January 1999 through September 2006.  The Settlement Amount shall constitute a debt due and owing upon entry of this Stipulation by the Court and is to be satisfied by payment to the United States under the following terms and conditions:

2

      i.     Defendant shall make payments in accordance with the following

schedule:

| Date | Total Payment | Interest | Principal Payment | Balance |
|------|--------------|----------|-------------------|---------|
| Within 2 business days after the Effective Date | 200,000.00 | - | 200,000.00 | 600,000.00 |
| 11/15/2011 | 42,973.45 | 2,973.45 | 40,000.00 | 560,000.00 |
| 2/15/2012 | 43,332.14 | 3,332.14 | 40,000.00 | 520,000.00 |
| 6/15/2012 | 44,129.42 | 4,129.42 | 40,000.00 | 480,000.00 |
| 10/15/2012 | 43,811.77 | 3,811.77 | 40,000.00 | 440,000.00 |
| 2/15/2013 | 43,494.12 | 3,494.12 | 40,000.00 | 400,000.00 |
| 6/15/2013 | 43,176.47 | 3,176.47 | 40,000.00 | 360,000.00 |
| 10/15/2013 | 42,858.83 | 2,858.83 | 40,000.00 | 320,000.00 |
| 2/15/2015 | 42,541.18 | 2,541.18 | 40,000.00 | 280,000.00 |
| 6/15/2014 | 42,223.53 | 2,223.53 | 40,000.00 | 240,000.00 |
| 10/15/2014 | 41,905.88 | 1,905.88 | 40,000.00 | 200,000.00 |
| 2/15/2015 | 41,588.24 | 1,588.24 | 40,000.00 | 160,000.00 |
| 6/15/2015 | 41,270.59 | 1,270.59 | 40,000.00 | 120,000.00 |
| 10/15/2015 | 40,952.94 | 952.94 | 40,000.00 | 80,000.00 |
| 2/15/2016 | 40,635.29 | 635.29 | 40,000.00 | 40,000.00 |
| 6/15/2016 | 40,317.65 | 317.65 | 40,000.00 | 0.00 |
| **Totals** | **835,211.50** | | **800,000.00** | |

      ii.    Defendant shall make each payment by electronic funds transfer

pursuant to written instructions to be provided by the United States Attorney's Office, Southern

District of New York or, with the exception of the initial payment, by certified or bank check

made payable to the "United States Department of Justice" and delivered to the United States

Attorney's Office, Attention: Lawrence Fogelman (or individual subsequently identified by the

Government), 86 Chambers Street, 3rd Floor, New York, N.Y. 10007, by no later than the date

specified in the schedule set forth in paragraph 2.i.

3.     Defendant agrees to the entry of a judgment against him and in favor of the United States in the form attached hereto as Exhibit A.  This judgment will be satisfied if Defendant fully complies with the terms and conditions set forth in Paragraph 2.

4.     Subject to the exceptions in Paragraph 7, in consideration of the obligations of the Defendant set forth in this Stipulation, and conditioned upon Defendant's payment of the Settlement Amount in full and on the dates set forth in Paragraph 2, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release the Defendant from any civil or administrative monetary claim the United States has or may have against Defendant for the Covered Conduct pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law or equitable theories of fraud, unjust enrichment, and payment under mistake of fact.

5.     In consideration of the obligations of Defendant in this Stipulation and the Integrity Agreement ("IA"), entered into between OIG-HHS and Defendant, and conditioned upon Defendant's full payment as required by Paragraph 2, the OIG-HHS agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Defendant under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in Paragraph 7, below, and as reserved in this Paragraph. The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude Defendant from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct.

4

Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 7, below.

Notwithstanding the foregoing, in the event of default as defined in Paragraph 11, below, OIG-HHS may exclude Defendant from participating in all Federal health care programs until Defendant pays the Default Amount (as defined in Paragraph 11) and reasonable costs as set forth in Paragraph 2, above. OIG-HHS will provide written notice of any such exclusion to Defendant. Defendant waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Defendant wishes to apply for reinstatement, Defendant must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendant will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

6.     The Defendant agrees to fully and finally release the United States, its agencies, departments, officers, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated), which Defendant has asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, officers, employees, servants, and agents related to the matters covered by the Complaint, the United States' investigation and prosecution thereof, and this Stipulation.

7.     Notwithstanding any term of this Stipulation, including the release provided by the United States in Paragraph 4, the following claims of the United States are specifically reserved and not released:

a.      Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Stipulation, any administrative liability, including mandatory exclusion from Federal health care programs;

d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.      Any claims based upon such obligations as are created by this Stipulation; and

f.      Any liability to the United States of any entity or person, including but not limited to any joint tortfeasor, that or who is not released by the terms of this Stipulation.

8.      Defendant has provided sworn financial disclosure statements ("Financial Statements") to the United States and the United States has relied on the accuracy and completeness of those Financial Statements in reaching this Stipulation. Defendant warrants that the Financial Statements are complete, accurate, and current. If the United States learns of asset(s) in which Defendant had an interest at the time of this Stipulation that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by defendant on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $25,000 or more, the United States may at its option: (a) rescind this Stipulation and file suit based on the Covered Conduct or (b) let the Stipulation stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of Defendant previously undisclosed. Defendant agrees not to contest any collection action undertaken by the United

6

States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

In the event that the United States, pursuant to this Paragraph, opts to rescind this Stipulation, the Defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that (a) are filed by the United States within 30 calendar days of written notification to Defendant that this Stipulation has been rescinded, and (b) relate to the Covered Conduct.

9.      Defendant waives and shall not assert any defenses he may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

10.      Nothing in this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount and/or the Default Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

11.      The Defendant shall be in default of this Stipulation if he fails to make any of the payments set forth in Paragraph 2(i) on or before their respective due dates. The United States will provide written notice of the default, to be sent by email and first-class mail to the undersigned attorney for the Defendant. In the event of default, the amount of two million, thirty nine thousand, three hundred twenty four dollars and seventy nine cents ($2,039,324.79) (the "Default Amount") shall be immediately due and payable, and interest shall accrue at the rate of 5% per annum compounded daily on the remaining unpaid principal balance, beginning seven

(7) business days after delivery of the notice of default. If the Default Amount, with all accrued interest, is not paid in full within seven (7) business days after delivery of the notice of default, the United States, at its option, may: (a) rescind this Stipulation and reinstate the Complaint filed in this action; (b) seek specific performance of the Stipulation; (c) offset the remaining unpaid balance of the Default Amount from any amounts due and owing or subsequently due and owing to Defendant by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, defendant shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, the Defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct.

12.     This Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 13, below.

13.     Defendant agrees that he will waive payment for any health care billings covered by this Stipulation from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

14.     All costs (as defined in the Federal Acquisition Regulation 48 C.F.R. § 31.205-47, and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-

8

1 and 1396-1396w-5, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendant in connection with the following shall be "unallowable costs" on all Government contracts and under the Medicare Program, Medicaid Program, the TRICARE Program and Federal Employees Health Benefits Program ("FEHBP"):

     a.    the matters covered by this Stipulation and Order;

     b.    the United States' audit(s) and civil and criminal investigation(s) of the matters covered by Complaint in this action, and this Stipulation and Order;

     c.    Defendant's investigation, audit, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by the Complaint, and this Stipulation and Order (including attorney's fees);

     d.    the negotiation and performance of this Stipulation and Order; and

     e.    the payments of the Settlement Amount and/or Default Amount by Defendant to the United States;

     f.    the negotiation of, and obligations undertaken pursuant to the IA, including but not limited to Defendant's obligations (i) to retain an independent monitor as described in Section III of the IA; and (ii) to prepare and submit reports to the OIG-HHS. However, nothing in this paragraph 14(f) that may apply to the obligations undertaken pursuant to the IA affects the status of costs that are not allowable based on any other authority applicable to Defendant.

15.    Unallowable costs as set forth in paragraph 14 will be separately determined and accounted for by Defendant, and Defendant will not charge such unallowable costs directly or indirectly to any contracts with the United States or any State Medicaid Program, or seek payment for such unallowable costs through any cost report, cost statement,

information statement, or payment request submitted by Defendant to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

16.    Defendant further agrees that within ninety (90) days of the Effective Date of this Stipulation and Order, he will identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors and FEHBP fiscal agents, any unallowable costs, as defined in Paragraph 14, included in payments previously sought from the United States, or any State Medicaid Program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendant and will request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Defendant agrees that the United States, at a minimum, will be entitled to recoup from him any overpayment plus applicable interest and penalties as a result of the inclusion of such unallowable costs on previously-submitted cost reports, information reports, cost statements, or requests for payment. If applicable, any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the affected agencies.

17.    The United States reserves its rights to disagree with any calculations submitted by Defendant on the effect of inclusion of unallowable costs (as defined in Paragraph 14) on Defendant's cost reports, cost statements, or information reports. In addition, nothing in this Stipulation and Order shall constitute a waiver of the rights of the United States to examine, or re-examine Defendant's books and records to determine that unallowable costs have been claimed in accordance with the provisions of Paragraph 14.

10

18.     Defendant expressly warrants that he has reviewed his financial situation and that he is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States of the Settlement Amount. Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation, they (i) have intended that the mutual promises, covenants, and obligations set forth in this Stipulation constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, each party warrants that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity Defendant was or became indebted to on or after the date of the payment of the Settlement Amount, within the meaning of 11 U.S.C. § 548(a)(1).

19.     If within 91 days of the Effective Date of this Stipulation or of any payment made under this Stipulation, Defendant commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, (i) seeking to have any order for relief of Defendant's debts, or seeking to adjudicate Defendant as bankrupt or insolvent; or (ii) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendant or for all or any substantial part of Defendant's assets, Defendant agrees as follows:

a.     Defendant's obligations under this Stipulation and Order may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and Defendant will not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendant's obligations under this Stipulation and Order may be avoided under 11 U.S.C. §§ 547 or 548; (ii) Defendant was

11

insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payment made to the United States hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to Defendant.

b.     If Defendant's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action, or proceeding against defendant for the claims that would otherwise be covered by the release provided in Paragraph 4 and 5, above.  Defendant agrees that (i) any such claims, actions or proceedings brought by the United States (including any proceedings to exclude Defendant from participation in Medicare, Medicaid, or other Federal health care programs) are not subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in the first clause of this Paragraph; (ii) Defendant will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings which are brought by the United States within thirty (30) calendar days of written notification to defendant that the releases herein have been rescinded pursuant to this Paragraph; and (iii) the United States has a valid claim against Defendant in the amount of two million, thirty nine thousand, three hundred twenty four dollars and seventy nine cents ($2,039,324.79), and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

c.      Defendant acknowledges that the agreements as set forth in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

20.     Each party to this Stipulation will bear its or his own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation.

21.     Each party and signatory to this Stipulation represents that it freely and voluntarily enters into this Stipulation without any degree of duress or compulsion whatsoever.

22.     This Stipulation is governed by the laws of the United States.  The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation as it relates to this action will be the United States District Court for the Southern District of New York.  For purposes of construing this Stipulation and Order, this Stipulation and Order shall be deemed to have been drafted by all Parties to this Stipulation and Order and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

23.     This Stipulation constitutes the complete agreement between the parties.  This Stipulation may not be amended except by written consent of the United States and the Defendant.

24.     Subject to the exceptions in Paragraph 7, in consideration of the obligations of the Defendant in this Stipulation, conditioned upon the Defendant's timely full satisfaction and payment of the Settlement Amount pursuant to Paragraph 2, this action shall be dismissed with prejudice against the Defendant as to all claims the United States has asserted against him as described with particularity in the Complaint, and to the extent of, and as governed by, this Stipulation; provided, however, that the Court shall retain jurisdiction over this Stipulation and

each party to the extent the obligations herein remain unsatisfied by that party.  The dismissal of this action shall be subject to Paragraph 7 herein.

      25.    The undersigned persons signing this Stipulation on behalf of the Defendant represent and warrant that they are authorized by the Defendant to execute this Stipulation.  The undersigned United States signatory represents that he is signing this Stipulation in his official capacity.

      26.    This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

      27.    The effective date of this Stipulation is the date on which this Stipulation is entered by this Court.

      28.    Any notice or other communications required or permitted under this Stipulation shall be addressed as follows:

      If to the United States:

            Chief of the Civil Frauds Unit
            United States Attorney's Office
            86 Chambers Street, 3rd Floor
            New York, N.Y. 10007

            -and-

            Lawrence H. Fogelman
            United States Attorney's Office
            86 Chambers Street, 3rd Floor
            New York, N.Y. 10007

      If to Defendant:

            Alfredo F. Mendez, Esq.
            Abrams Fensterman Fensterman Eisman Greenberg Formato & Einiger, LLP
            630 Third Avenue
            New York, NY 10017

Dated: New York, New York        PREET BHARARA
       September 13, 2011        United States Attorney for the
                                     Southern District of New York
                                     Attorney for the United States

By:        _____

                 LAWRENCE H. FOGELMAN
                 Assistant U.S. Attorney
                 86 Chambers Street, 3rd Floor
                 New York, New York 10007
                 Tel. No.: (212) 637-2719
                 Fax. No.: (212) 637-2730
                 Lawrence.Fogelman@usdoj.gov

Dated: September ___, 2011

By:        _____

                 GREGORY E. DEMSKE
                 Assistant Inspector General for Legal Affairs
                 Office of Counsel to the Inspector General,
                 United States Department of
                    Health and Human Services

Dated: September___, 2011

                 ABRAMS, FENSTERMAN,
                 FENSTERMAN, EISMAN, GREENBERG,
                 FORMATO & EINIGER, LLP
                 Attorneys for Defendant
                 Chaim Chaimowitz

By:        _____

                 ALFREDO F. MENDEZ, ESQ.
                 630 Third Avenue
                 New York, New York 10017
                 Tel. No.: (212) 279-9200
                 Fax No.: (212) 279-0600
                 amendez@abramslaw.com

15

Dated: New York, New York
       September \_\_\_, 2011

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States

By: _____

LAWRENCE H. FOGELMAN
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2719
Fax. No.: (212) 637-2730
Lawrence.Fogelman@usdoj.gov

Dated: September 6, 2011

By: _____

GREGORY E. DEMSKE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General,
United States Department of
    Health and Human Services

Dated: September 6, 2011

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, GREENBERG,
FORMATO & EINIGER, LLP
Attorneys for Defendant
Chaim Chaimowitz

By: _____

ALFREDO F. MENDEZ, ESQ.
630 Third Avenue
New York, New York 10017
Tel. No.: (212) 279-9200
Fax No.: (212) 279-0600
amendez@abramslaw.com

15

Dated: September ___, 2011

By: _____
CHAIM CHAIMOWITZ

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

9-14-11

16